ELIZA SPENCER, DEFENDANT, v. JOHN B. MORRIS, PROSECUTOR.

Argued November 7, 1901—Decided February 24, 1902.

1. The powers given by the supplement to the Execution act, approved March 22d, 1901 (*Pamph. L., p.* 372), are conferred upon judges of the District Courts.
2. The provisions of the supplement authorizing a judge to require a debtor to apply part of his "income" to the payment of his debts, do not reach the unearned salary or remuneration of a debtor for official service due to the public.

On *certiorari* to District Court.

Before Justices DIXON and HENDRICKSON.

For the prosecutor in *certiorari, Henry Hahn.*

For the defendant in *certiorari, Benjamin & Benjamin.*

The opinion of the court was delivered by

DIXON, J. The questions in this case arise out of the supplement to the Execution act, approved March 22d, 1901. *Pamph. L., p.* 372. They are (1) whether the powers given by the act are conferred upon judges of the District Courts, and (2) whether the word "income," as used in the third section, covers the salary of a municipal officer.

The judges to whom the statutory powers are delegated are indicated by the first section. The form of that section, on being compared with the form of the section before it was amended, strongly suggests that, in drafting it, a clause was inadvertently omitted. But this suggestion does not authorize us to withhold from the language of the law as it was passed by the legislature such import as it will reasonably bear. Although the phrasing is somewhat awkward, it can still be read intelligibly. It enacts that "when an execution * * * upon a judgment recovered or docketed in the Supreme Court or in the Circuit Court or Court of Common Pleas * * * or from any of the District Courts * * * shall be returned * * * unsatisfied, * * * it shall be lawful for any judge of the court out of which said execution issued," &c. This language includes an execution *upon a judgment in* any of the higher courts and also an execution *from* any District Court. The powers granted by the supplement therefore belong to judges of District Courts.

With respect to the import of the word "income," as used in this law, an inspection of the statute on file in the office of the secretary of state shows that originally the bill was designed to reach only income of property or money held in trust for the debtor. But an amendment adopted in the

senate substituted the word "or" for "of" in this clause, so that it reads "income or any property," &c., instead of "income of any property," &c. This change rendered the section applicable to income generally, which would include salary.

But in *Schwenk* v. *Wyckoff*, 1 *Dick. Ch. Rep.* 560, our court of last resort held that there existed in this state a public policy which required that the unearned salary or remuneration of a person for official service due to the public should not be capable of being assigned by him or withdrawn from his use at the instance of creditors.

This rule .of public policy must be regarded in the construction of the statute. As was stated by Vice Chancellor Van Fleet, in *Jersey City Gaslight Co.* v. *Consumers Gas Co.*, 13 *Stew. Eq.* 427, 430, a purpose opposed to sound public policy should not be attributed to the legislature except upon cogent evidence. When a statute deals with a general class of subjects, and there exists in that class a species distinguished from its congeners, for reasons of public policy which the literal interpretation of the statute would antagonize, it should be assumed that the legislature did not intend to abrogate that policy, and the operation of the act should be confined to members of the class not protected thereby. In accordance with this rule of construction, it was held in

——— v. *Davies,.* cited in 3 *'Zab.* 151, that the salary due to a public officer in the hands of the state treasurer was not liable to attachment, notwithstanding the statute making the rights and credits of a debtor attachable.

The act now under consideration does not disclose a purpose to interfere with the public policy above referred to, and may have reasonable effect in consonance with it. We think it should be so construed.

The income which the order now under review aimed to reach for the payment of the creditor was the salary to be earned by the debtor as secretary and engineer of the commissioners of assessments in the city of Newark, and consequently was outside of the purview of the statute.     .

The order should be set aside, with costs.