GILBERT WHITE v. LOUIS A. KOEHLER, JR.

Argued November 4, 1903—Decided February 23, 1904.

Under the supplement of March 22d, 1901, to the act respecting executions (*Pamph. L., p.* 372, § 3), salary paid to the judgment debtor for his personal services is "income," out of which he may be required to make payments on account of an unsatisfied judgment.

On appeal from the First District Court of Newark.

Before Justices FORT and PITNEY.

For the plaintiff and appellant, *Benjamin & Benjamin.*

For the defendant and respondent, *Horace G. Grice.*

The opinion of the court was delivered by

PITNEY, J. The plaintiff, having recovered a judgment against the defendant in the District Court, took proceedings supplementary to execution pursuant to the act of March 22d, 1901 (*Pamph. L., p.* 372), with the object of showing that the judgment debtor was entitled to and in receipt of an income within the meaning of that act, and of procuring an order directing the judgment debtor to make payments in install-

ments out of such income on account of the unsatisfied judgment. Pursuant to an order for discovery testimony was taken, which disclosed that the defendant was a single man, without others dependent upon him so far as appears, was employed at a salary of $12 per week, and was spending less than this amount in disbursements necessary to his support. Upon this testimony application was made to the judge of the District Court for appointment of a receiver of a portion of the income of the defendant. This application was refused for the reason (as declared by the judge in his order) "that it does not appear that the defendant is entitled to and in receipt of an income according to the statute."

Where a person is employed at a "salary" the term itself imports permanency of employment. In our opinion such salary is income within the meaning of the act of 1901. The act is not limited in its application to income from property. *Spencer* v. *Morris,* 38 *Vroom* 500. That defendant was entitled to this income, and was in receipt of it, sufficiently appeared from the testimony. The refusal of the District Court to entertain the plaintiff's application was therefore erroneous. The fact that the application in terms called for the appointment of a receiver (instead of a mere order directing defendant to make payments) is a matter of no consequence, even if there be doubt about the propriety of a receivership in such a case. The effect of the order made was a denial of all relief.

The order will be reversed and the record remanded for further proceedings, to be taken in accordance with the act of 1901 and the views above expressed.