WALTER H. RUSSELL, PROSECUTOR, v. MECHANICS REALTY COMPANY, RESPONDENT.

Submitted December 2, 1915—Decided February 28, 1916.

1. The supplement to the act respecting executions (*Pamph. L.* 1915, *p.* 470), providing for the issuance of an execution against wages, debts, earnings, &c., of a judgment debtor, when a judgment has been secured against him and where an execution issued upon said judgment has been returned wholly or partly unsatisfied, is not limited to judgments recovered prior to its enactment.
2. The plaintiff who has obtained an order to examine a judgment debtor under supplementary proceedings may abandon those proceedings by having the order revoked, and may then obtain a new' order under the act of 1915. *Pamph. L., p.* 470.

On *certiorari.*

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutor, *J. Victor D'Aloia.*

For the respondent, *William Tyacke, Jr.*

The opinion of the court was delivered by

PARKER, J. This is a *certiorari* bringing up an order of the Circuit Court of Essex county in proceedings subsequent to execution, whereby a former order made in supplementary proceedings, directing the defendant to pay a certain sum periodically from his wages, was revoked and set aside and a new order made. The case arises out of a change in the statute law with respect to executions that was made by the legislature at the session of 1915.

The facts are that the respondent realty company obtained a judgment in the Circuit Court against Russell, issued an execution which was returned unsatisfied, and then under the then existing law resorted to the ordinary supplementary proceedings and had an examination of the judgment debtor, which showed that he was in receipt of a salary, whereupon, on application to the court, there was an order on March 31st, 1915, requiring the defendant to pay plaintiff $5 a week out of his salary. All this was pursuant to section 24 of the Executions act, as amended in 1901 and 1907. See *Comp. Stat., p.* 2250. On April 12th, 1915, was approved a supplement to the Execution act providing in such cases for an execution against wages. *Pamph. L., p.* 470. A former supplement of similar nature (page 182) is not now in ·question. The supplement of April 12th provides that when execution has been returned unsatisfied and any wages, debts, earnings, salary, income from trust funds, or profits, are due and owing to the judgment debtor, or which thereafter become due and owing to him, to the amount of $18 or more per week, the judgment creditor may apply to the court without notice to

the judgment debtor, and on satisfactory proof of such facts, by affidavits or otherwise, the court must grant an order directing that execution issue against the wages, &c., of such debtor, and on presentation of such execution by the officer, the same shall become a lien on the wages, and so forth, not to exceed ten per cent., unless the income of said debtor shall exceed the sum of one thousand dollars per annum, in which case the judge may order a larger percentage. We quote only that part of the act deemed specially applicable to this case. The plaintiff below, evidently relying on this statute, made a further application to the court, and upon the testimony taken in the original supplementary proceedings, the court revoked the original order and directed that an execution issue against the wages, &c., of the judgment debtor, and that out of said wages the sum of $3 per week be paid to plaintiff, or its attorney, on account of such judgment and costs. The former order required a payment of $5 a week. Very probably the reduction of the amount was due to the ten per cent. clause in the later statute. This is the order which is now before us; and two points are made. The first is that the act of 1915, page 470, does not apply to or affect judgments recovered prior to its enactment. The argument is based upon the language of the first section, which begins thus: "Hereafter when a judgment has been recovered, and where an execution issued upon said judgment has been returned, wholly or partly unsatisfied," &c. Notwithstanding that the verbs in this sentence are in the perfect tense, it is argued that because the statute directs that execution when issued shall become a lien, the words "has been recovered" and "has been returned" shall be construed as "shall have been recovered" and "shall have been returned," respectively. We are unable to agree to this proposition. On the contrary, we think the reasonable construction of the statute requires that it should be held applicable to any situation existing at the time of its passage or in the future. If the defendant's argument is correct, then in all cases in which a judgment had been recovered and the execution returned unsatisfied, whether supplementary pro-

ceedings had been taken or not, the plaintiff would be required, if he wished to get at the wages of the judgment debtor, to resort to the same cumbrous and old-fashioned procedure of supplementary proceedings, a return to the court, and a specific order of the court against those wages, requiring a delay of perhaps some weeks instead of being able to go to the court in the first instance with *ex parte* affidavits and obtaining an execution which would be itself a prior lien on the wages. The statute is remedial and should be liberally construed for the enforcement of legal rights.

We think that the first point taken is without substance. The next point is somewhat similar, and is, that if the judgment creditor had already obtained an order under the previous act, such order could not be revoked and a new order made under the act of 1915. With this also we disagree. The act of 1915 expressly repeals all inconsistent acts, and while it might be going too far to say that its passage would nullify existing supplementary proceedings, the proceeding under the present case amounted to an abandonment by the plaintiff of his rights under the original order—something he was manifestly entitled to do without any legal injury to the defendant —and that being eliminated, a resort by the plaintiff to the machinery of the new act. We think that both the objections urged against the order in question are without substance, and the writ of *certiorari* will therefore be dismissed.