HENRY A. OETJEN ET AL, RESPONDENTS, v. HENRY HINTEMANN, PROSECUTOR.

Argued February 26, 1916—Decided June 17, 1916.

1. In proceedings supplementary to execution, a justice or judge exercises a special statutory power, and the proper method of reviewing orders made by him in such proceedings is by certiorari.

2. As respects statutes making the income of a judgment debtor liable to the creditor's claim in supplementary proceedings, the general rule is that they do not apply to the salary or compensation of a public official for service to the public; and this rule applies to the incumbent of a "position" as well as of an "office."

3. The act of 1915 (*Pamph. L.* 470) has changed such rule, but only as respects wages, etc., due from municipal corporations and amounting to eighteen dollars or more per week.

On *certiorari* to an order of a justice of the Supreme Court, in proceedings in said court supplementary to execution, requiring prosecutor, a judgment debtor, to pay $3 per week on account of judgment, costs, &c.

Before Justice Parker, at chambers.

For the prosecutor, *Henry Traphagen.*

For the respondents, *McDermott & Enright.*

PARKER, J.   I encounter at the outset a difficulty of practice, viz., whether *certiorari* is the proper method of attack upon an order of this kind when made by a Supreme Court justice.

Questions of this character arising in the lower courts have been brought up and adjudicated in contempt appeals under the statute (*Adler* v. *Turnbull,* 57 *N. J. L.* 62; *Eggert* v. *McHose,* 80 *Id.* 101) ; on cases certified by the Circuit Court (*Howell* v. *McDowell,* 47 *Id.* 359; *Westfall* v. *Dunning,* 50 *Id.* 459) ; on *certiorari* to orders by judges of inferior courts (*Spencer* v. *Morris,* 67 *Id.* 500; *Hershenstein* v. *Hahn,* 77 *Id.* 39; *Russell* v. *Mechanics Realty Co.,* 96 *Atl. Rep.* 657; *S. C.,* 88 *N. J. L.* 532) ;   and even on appeal from a District Court.   *White* v. *Koehler,* 70 *Id.* 526.   As such appeal to this court is tantamount to a *certiorari,* or, more accurately, concurrent with *certiorari,* as a matter of right (*Marcus* v. *Graver,* 71 *Id.* 95), it may be that in the White case the court thought it not worth while to go into any niceties of practice.   The only case I find (on a somewhat hurried examination) of an order by a justice of this court as such being reviewed, is *Seyfert* v. *Edison,* 47 *Id.* 428, where motion was made before the justice to vacate his order, and he certified the matter to the full court, and the court considered it and decided it.   Whether statutory procedure of this character arising subsequent to execution is the proper subject of a case certified, is a question not now involved, and my views on it would be superfluous; for in the case at bar the justice that made the order now in question was not asked to revoke or vacate it.   He was asked to allow, and did allow, a writ of *certiorari* to review his own order.   This, I think, is correct practice.   In *Westfall* v. *Dunning,* 50 *Id.* (at *p.* 461), Chief Justice Beasley remarked that "the jus-

tice of this court, in dealing with this procedure, was not invested with the authority of this court, or of that of the Circuit Court; he exercised a special statutory power, and the proceeding was of a summary character," as a result of which the court then held that his authority to act must appear on the face of the papers. Such a proceeding is conspicuously the appropriate subject of review by *certiorari*. I pass therefore, to the merits.

The two fundamental elements in the controversy are that the order brought up deals with the salary of defendant in execution as assistant lighting inspector of the city of Jersey City, and that between the entry of the judgment and the making of the order the legislature passed the two supplements of 1915 to the Execution act (*Pamph. L., pp.* 182, 470), especially the latter, which gives special relief to the judgment creditors in cases where the income amounts to $18 per week or more, whereas it appears that defendant's salary is $900 per year, or about $17.30 per week.

The appropriation by order in supplementary proceedings of a part of the debtor's income dates, in its present form, at least, from 1901. *Pamph. L., p.* 372; *Pamph. L.* 1907, *p.* 363; *Comp. Stat., p.* 2250. Section 10 of the first supplement of 1915 (*Pamph. L., p.* 184) is substantially similar. But as respects all of these statutes the rule applies that their provisions relating to the application of "income" to the judgment debt do not reach the income, salary or remuneration of a debtor for official service due to the public. This is the language of the syllabus in *Spencer* v. *Morris,* 67 *N. J. L.* 500, opinion for this court by Mr. Justice Dixon. In that case the debtor was "Secretary and Engineer of the Commissioners of Assessments of the City of Newark." Page 502. It is now argued for plaintiff that Morris, held a public office and that Hintemann, the present prosecutor, held only a "position" to the emoluments of which the rule of public policy relied on in the Spencer case does not apply. The cases distinguishing an "office" from a "position" are collected in *Fredericks* v. *Board of Health,* 82 *Id.* 200. I find in the papers submitted to me no deposition or other proof

as to the nature of the assistant inspectorship of lighting in Jersey City, whether created by the charter, or an ordinance or whatnot. From the title it would seem, like an assistant inspectorship of buildings, to be properly classified as a position. See *McGrath* v. *Bayonne,* 85 *Id.* 188, 190. For present purposes I think the distinction is immaterial, for the service rendered by the prosecutor would seem to be plainly service to the public in an official character, carrying an annual salary and not mere daily or weekly pay as that of a laborer, and as such within the reason of the rule of *Spencer* v. *Morris, supra.* So, that in my judgment the salary is invulnerable to any attack based on the act of 1907 or the supplement of 1915, page 182.

The later supplement of 1915, page 470, changes the rule of public policy above cited, so far as to render wages, salary, &c., due or to grow due from a municipal corporation, to the judgment debtor, liable to appropriation by judicial order subsequent to execution when such moneys amount to $18 or more per week. Section 2, page 471. Of course, no order can be made under that act in the case at bar, the weekly amount being only $17.30. This makes it unnecessary to consider whether the supplement in question applies to proceedings under judgment recovered before its passage. It was so held in the recent case of *Russell* v. *Mechanics Realty Co., supra;* but, for reasons just stated, plaintiff has no recourse to the salary in question either under the supplement of 1915, page 470, or under pre-existing legislation. It is argued finally in his behalf that the act, page 470, indicates a general change of public policy in relation to the immunity of official salary. I am unable to gather from its language any such change with relation to pay of less than $18 per week, with respect to which pre-existing acts would seem to remain unimpaired.

My conclusion is that the order of August 16th, 1915, requiring the judgment debtor to pay $3 per week, being based wholly on the salary of prosecutor, should be set aside.

Prosecutor is entitled to costs.