WILLIAM BERKOWITZ, APPELLANT, v. FIRST DISTRICT COURT OF JERSEY CITY AND AUGUST ZIEGENER, JUDGE OF SAID COURT, RESPONDENTS.

Submitted May 29, 1931—Decided October 19, 1931.

For the appellant, *Lionel P. Kristeller* and *Saul J. Zucker* (*George H. Rosenstein,* on the brief).

For the respondents, *McCarthy & McTague* (*Frank F. McCarthy,* on the brief).

The opinion of the court was delivered by

DALY, J. This is an appeal from an order entered in the New Jersey Supreme Court on November 24th, 1930, affirming an order of First District Court of Jersey City made July 15th, 1930, which had been taken to the Supreme Court by a writ of *certiorari* for review. The order in the District Court was made in proceedings supplementary to execution and directed William Berkowitz, the appellant, a judgment debtor, to pay to Joseph L. Cunningham, his judgment credi-

tor, "the sum of $30 each and every week out of his earnings * * * until the sum of said judgment together with interest and costs was fully paid and satisfied." This order, according to the Supreme Court opinion, is under section 11 of the supplement to the District Court act of 1898. *Pamph. L.* 1924, *p.* 429. Cunningham had recovered judgment against Berkowitz for $335.91, and execution was issued thereon and returned unsatisfied.

The Supreme Court discussed and passed upon only one point. It appeared that prior to the order made by the District Court, there had been an order made by a Supreme Court justice, directing the employers of Berkowitz to pay ten per cent. of his salary, as earned, upon a judgment of the Elizabethport Banking Company in the sum of $30,000, recovered in a Supreme Court action. Berkowitz, the appellant, and judgment debtor, contended before the Supreme Court that the execution under the judgment in the District Court could not be enforced against his salary until the execution under the Supreme Court judgment had been satisfied.

The Supreme Court held that the order of the District Court was entered pursuant to a supplement to the District Court act (*Pamph. L.* 1924, *p.* 429, § 11—at *p.* 431), as follows:

"11. Hereafter when a judgment has been recovered in any District Court of this state and where an execution issued upon said judgment has been returned wholly or partly unsatisfied and where any wages, debts, earnings, salary, income from trust funds, or profits are due and owing to the judgment debtor, *or shall thereafter become due and owing to him to the amount of eighteen dollars or more per week,* the judgment creditor may apply to the court in which said judgment was recovered, without notice to the judgment debtor and upon satisfactory proofs of such facts by affidavits or otherwise, *the court must grant an order directing that an execution issue against the wages, debts, earnings, salary, income from trust funds, or profits of said judgment debtor,* and on presentation of such execution by the officers to whom delivered for collection to the person or persons

from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing, or thereafter become due and owing, to the judgment debtor, *said execution shall become a lien and a continuing levy upon the wages, debts, earnings, salary, income from trust funds or profits* due or to become due to said judgment debtor to the amount specified therein, *which shall not exceed ten per centum unless the income of said debtor shall exceed the sum of one thousand dollars per annum,* in which case the judge may order a larger percentage, and said levy shall become a continuing levy until said execution and the expenses are fully satisfied and paid or until modified as hereinafter provided, *but only one execution against* the *wages, debts, earnings, salary, income from trust funds or profits of said judgment debtor* shall be satisfied at one time, and where more than one execution has been issued or shall be issued pursuant to the provisions of this section against the same judgment debtor they shall be satisfied in the order of priority in which such executions are presented to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing." (Italics ours.)

Now, section I of the supplement to the Executions act (*Pamph. L.* 1915, *p.* 470), the section under which the Supreme Court execution against the wages of Berkowitz was issued is almost identical, word for word, with section 11 of the supplement to the District Court act, just fully recited. The appellant argued these statutes were of the same substance; on the same subject; having the same purpose, and should be construed together as together constituting one law, and therefore that only one execution against wages could be in operation at one time, and that such execution issued under the Execution act and another such execution under the District Court act could not be actively employed at the same time.

The Supreme Court did not so view the District Court statute, and held, that while "there may be satisfaction of only one judgment at a time in District Court executions, the statute was not designed to prevent execution for wages

because there had been a previous execution in another court. The limitation upon the general language of the statute directing the issuance of the execution is confined to execution in a District Court, and provides that judgments there entered shall be satisfied out of salaries one at a time."

This question of whether there can be two executions against the wages of a judgment debtor at the one time, if one be issued under the Executions act and the other be issued under the District Court act—the only question passed upon by the Supreme Court, would deserve careful analysis if it were essential now to decide it. But as a matter of fact, there was no execution against wages issued out of the District Court; there was simply an order from the judge directly ordering Berkowitz to pay to the plaintiff $30 a week out of *his earnings* until the judgment was satisfied. The question of the legality of this procedure appears in the appellant's brief before us, under point II.

On May 20th, 1930, the District Court judge, upon the petition of the plaintiff, ordered the defendant to appear before him, the District Court judge, and make discovery on oath, concerning his property and things in action. There was an examination under this order, on June 5th, 1930, and at the conclusion of the hearing the judge, in the presence of Berkowitz, said: "You may take an order in this case for $30 a week, to be paid by William Berkowitz. You may also include all the costs." This was followed by a formal written order, under date of June 5th, 1930, ordering "the defendant to pay to the plaintiff or his attorney, the sum of $30 each and every week out of *his earnings* beginning June 7th, 1930, and each and every week thereafter, until the sum of the said judgment together with interest and costs is fully paid and satisfied." A similar order was made by the judge under date of July 15th, 1930; and this is the one which is under review. (Why the second order was necessary is not stated in the record.)

The order under review cannot be supported under section 11 of the supplement to the District Court act. *Pamph. L.* 1924, *p.* 429 (at *p.* 431). That section, heretofore recited in

full, authorized the court, upon satisfactory proofs by affidavits or otherwise, to grant an order directing that *an execution* issue against the wages, debts, earnings, salary, income from trust funds, or profits of the judgment debtor. The judge had no right to issue under said section 11 such an order as that which is now under review.

Nor can his order be justified under section 10 of said act of 1924. That section reads as follows:

"10. In case it shall be made to appear by affidavit that a judgment debtor is entitled to, or is in receipt of *an income,* other than from such trust funds as are now exempt by law, the court may make an order requiring the defendant to show cause why he should not be ordered to make payments at stated periods, in installments (and upon such terms as the court may direct), out of *such income* on account of the execution. And upon the return of the order to show cause, or at any time to which the hearing may be continued, may make an order for such payments as aforesaid; and at any subsequent time, on application, may modify the terms thereof as may be just." (Italics ours.)

The section just quoted applies where an order is made to make installment payments out of income. The order made in this case was to make payment out of earnings. Assuming, but not admitting, that income comprehends earnings, the order in this case was not authorized under said section 10, as no order can be made under that section until the return of an order to show cause served upon the defendant. There was no order to show cause served upon Berkowitz, the defendant-debtor.

The proper procedure was not pursued in this case, and the judgment of the court below is reversed on this ground.

*For affirmance*—None.

*For reversal*—The Chief Justice, Trenchard, Parker, Lloyd, Case, Daly, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 12.