ESSEX COUNTY CIRCUIT COURT.

CROWN OIL COMPANY, INCORPORATED, A NEW JERSEY CORPORATION, PLAINTIFF, v. DANIEL E. EITNER, DEFENDANT.

Decided June 7, 1938.

For the plaintiff, *Morris E. Schiffman*.

For the defendant, *I. Arthur Levy*.

WILLIAM A. SMITH, C. C. J. This matter comes before me pursuant to a notice served on the defendant on behalf of the plaintiff asking that the court order the defendant to pay to the plaintiff a sum certain on the second and sixteenth day of each month until judgment in the above case is fully satisfied, because the defendant is gainfully employed.

In this case judgment has been entered, execution returned unsatisfied, order for discovery made, hearing thereon, and the return of the minutes of the hearing filed with the papers, which show that the defendant is employed by the United States government in the treasury department in the United States customs service and receives a salary of $2,000 a year payable semi-monthly.

On the argument the plaintiff conceded that he could not issue an execution and serve it on the United States government or its proper disbursing officer under the Garnishee Execution act. *Rev. Stat.* 1937, 2:26-182. But as I understand the plaintiff's contention he claims to be entitled to an order of this court directing the defendant himself to pay out of this income an account of the judgment.

The provision of the Execution act under which this claim is made is *Rev. Stat.* 1937, 2:26-181, which reads as follows:

"Order to debtor to pay out of income. In case it is made to appear by affidavit that the judgment debtor is entitled to or is in receipt of income other than from such trust funds as are exempt by law, the court or a judge thereof may make an order requiring defendant to show cause why he should not be ordered to make payments on account of the execution out of such income at stated periods in installments and upon such terms as the court or judge may direct.

"Upon the return of the order to show cause, or at any time to which the hearing thereon may be continued, the court or a judge may make an order for such payments as aforesaid, and at any subsequent time on application may modify the terms thereof as may be just."

In the present matter no order to show cause was issued, but the matter was presented to me on notice and the defendant was represented on the return of the notice by counsel

who was heard on the motion and no objection was made to the manner in which the application was made.

It has been held by our courts that the reference to income contained in the statute (2:26-181), is sufficiently comprehensive to include wages. *Spencer* v. *Morris,* 67 *N. J. L.* 500; 51 *Atl. Rep.* 470; *Oetjen* v. *Hintemann,* 91 *N. J. L.* 429; 106 *Atl. Rep.* 213. The defendant here, however, objects to an order being made on the ground that it is against public policy to grant an order against the salary of a public official. The New Jersey case which deals with this question of public policy is *Schwenk* v. *Wyckoff,* 46 *N. J. Eq.* 560; 20 *Atl. Rep.* 259, which is a decision by our Court of Errors and Appeals and establishes the proposition that there cannot be an assignment of the pay of a public official either voluntary or involuntary and that the courts will not enforce or recognize any such assignment.

The reasons for this rule are stated in the opinion as follows: "This restriction upon the general power to dispose of rights having a potential existence, is put upon the ground that the recognition of such assignments would operate prejudicially upon the public service. The considerations which led to this judicial result were in substance the following: It was apparent that the salary or remuneration incident to a public office, as a rule, were essential to a decent and comfortable support of the incumbent. If the officer should be deprived of this support, there would arise a hazard of his being driven to an inappropriate meanness of living, of his being harassed by the worry of straitened circumstances and tempted to engage in unofficial labor, and of the likelihood of his falling off in that official interest and vigilance which the expectation of pay keeps alive. It was because of these probable consequences that the courts refused to countenance any act or proceeding which might result in stripping the officer of his anticipated reward."

The English cases cited by the court are: *Flarity* v. *Odlum,* 3 *T. R.* 681; *Barwick* v. *Reed,* 1 *H. Bl.* 627; *Arbuckle* v. *Cowtan,* 3 *Bos. & P.* 328; *Davis* v. *Marlborough,* 1 *Swanst.* 79; *Lidderdale* v. *Montrose,* 4 *T. R.* 248; *Stone*

v. *Lidderdale,* 2 *Anstr.* 544; *Wells* v. *Foster,* 8 *Mees. & W.* 149; *Palmer* v. *Bate,* 2 *Bro. & B.* 673.

A case somewhat similar to this was considered by Mr. Justice Parker in the case of *Oeljen* v. *Hintemann, supra,* which was a review of an order requiring a judgment debtor to pay out of salary in installments. In that case the defendant held a public office or position and resort could not be had to the garnishee provisions of the Execution act (*Rev. Stat.* 1937, 2:26-182), because the salary of the official was under $18 a week and that provision of the statute could not be appealed to unless the salary was $18 a week or more, so the order for payment was made under the provision which I have cited, 2:26-181.

It might be said in passing that the garnishee provision of the Execution act, 2:26-182, specifically provides in 2:26-185 that the salary of a person employed by private or public municipal corporations, including county and state, may have their salaries garnisheed, and therefore this rule of public policy which has been referred to has been abrogated in so far as public officials are concerned who are engaged in the public service of the state, county or public municipal corporations. This abrogation, however, does not extend to the salary of officials of the United States government.

Mr. Justice Parker, in referring to the statute which I have quoted, 2:26-181, and those which preceded it, says: "But as respects all of these statutes, the rule applies that their provisions relating to the application of 'income' to the judgment debt do not reach the income, salary or remuneration of a debtor for official service due to the public. This is the language of the syllabus in *Spencer* v. *Morris,* 67 *N. J. L.* 500, opinion for this court by Mr. Justice Dixon. And later on Mr. Justice Parker says: "So, that in my judgment the salary is invulnerable to an attack."

The fact that in this case the order that is asked to be made is one directing the defendant to pay income as received cannot be supported on the theory that the rule of public policy is not violated, as no assignment, voluntary or involuntary, is made by the order. The reason for the rule requires

that it may not be circumvented by the making of an order that the defendant must make the payment. The effect of the order if made is an involuntary assignment of the defendant's wages.

Mr. Justice Heher in the case of *Passaic National Bank and Trust Co.* v. *Eelman,* 116 *N. J. L.* 279; 183 *Atl. Rep.* 677, in holding installment payments of the pension of a retired police officer may be levied on under an execution provided for in *Rev. Stat.* 1937, 2:26-182, recognizes this rule of public policy in holding that the rule does not apply where the public officer is retired on a pension and not subject to further call to public service, and the order is made pursuant to *Rev. Stat.* 1937, 2:26-181. The opinion (at *p.* 285) states as follows:

"And there is no declared public policy in this state that, in the absence of specific statutory provision to the contrary, exempts such pension moneys from the claims of the pensioner's creditors. The rule against the assignment of the 'unearned salary or remuneration' of a civil servant, and its withdrawal from his use for the benefit of creditors, is grounded upon the theory that the deprivation or diminution of the economic security afforded the servant by the stipulated salary would prejudice the public service. *Schwenk* v. *Wyckoff, supra.* See, also, 56 *A. L. R.* 604 *et seq.* And this was likewise the underlying reason for such exemption of pensions for past services. Public policy imposed this as a safeguard only when the pensioner was liable to calls for active duty, and was therefore to be regarded as still in the service of the government. Even then, it seems, the protection did not extend to the individual installment after the accrual of the right thereto. See *Schwenk* v. *Wyckoff, supra.*" And further in the opinion the court states the general, if not the exclusive, test of the liability of a right or claim to garnishment is whether it is the subject of assignment, citing 28 *C. J.* 151.

It therefore being my conclusion that the question raised by the defendant has been settled in his favor by Mr. Justice Parker in the case of *Oetjen* v. *Hintemann, supra,* the application for the order will therefore be denied.