141 N.J. Super. 53 (1976)
357 A.2d 279
IN THE MATTERS OF HOUSEHOLD FINANCE CORPORATION, PLAINTIFF-APPELLANT,
v.
WALTER H. CLEVENGER, DEFENDANT, AND HITCHNER'S FURNITURE STORE, PLAINTIFF-RESPONDENT,
v.
WALTER H. CLEVENGER, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 16, 1975.
Decided April 12, 1976.
*54 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Howard W. Smith argued the cause for appellant (Mr. Nathan N. Goldberg & Associates, attorneys; Mr. Goldberg on the brief).
*55 Mr. G. Thomas Bowen argued the cause for respondent.
PER CURIAM.
This appeal presents the question of priority between an order to a debtor to pay a judgment in installments and a wage execution subsequently issued by another creditor against the wages of the same debtor. The trial judge held that the order to pay out of income, being first in time, had priority and that the wage execution be suspended while the earlier order remains in effect. Household Finance Corporation (HFC), the creditor who obtained the wage execution, appeals from that determination. HFC contends that the wage execution has priority or, in the alternative, that it should be honored concurrently with the order to pay out of income.
On June 5, 1974 HFC obtained a judgment in the Salem County District Court against the debtor, Walter H. Clevenger, and on July 8, 1974 the judgment was docketed in the Superior Court. Meanwhile, on June 18, 1974 Hitchner's Furniture Store (Hitchner) obtained a judgment in the Salem County District Court against the same debtor, and on June 25, 1974 that court entered an order directing the debtor to make installment payments out of income to satisfy the judgment. N.J.S.A. 2A:17-64. The debtor has been making payments in accordance with that order. Thereafter, on July 24, 1974 HFC obtained an order for a wage execution against the debtor to satisfy its judgment. N.J.S.A. 2A:17-50 to 56. Pursuant to the order for wage execution, the Sheriff of Salem County levied upon the wages of the debtor at his place of employment, Hygrade Bakery. The employer commenced to make deductions from the debtor's wages and transmitted them to the sheriff under the wage execution.
When it came to the attention of the judge that the two orders were operating simultaneously, he, on his own motion directed Hitchner and HFC to appear so that the priority of the orders could be determined.
*56 A wage execution authorized by N.J.S.A. 2A:17-50 et seq. (Article 7 of Chapter 17, Title 2A) is the most direct but is not the exclusive mode of reaching a debtor's wages to satisfy a judgment against him.
N.J.S.A. 2A:17-64 provides that if a judgment debtor is entitled to or is in receipt of income, property, rights and credits, including income derived from federal, state, county, municipal or other governmental sources, but not income or property exempt by law, the debtor may be ordered to pay the judgment in installments out of such proceeds and on such terms as the court may direct. This section is part of Article 8, Chapter 17 of Title 2A, the first section of which, N.J.S.A. 2A:17-57, defines "rights and credits" to include wages. White v. Koehler, 70 N.J.L. 526 (Sup. Ct. 1904), held that salary is income within the meaning of L. 1901, c. 177, from which N.J.S.A. 2A:17-64 is derived. See also, Russell v. Mechanics Realty Co., 88 N.J.L. 532 (Sup. Ct. 1916), where a judgment creditor first obtained an order under the 1901 act compelling a debtor to pay a judgment in installments out of his wages. Later, after the adoption of the wage execution provisions of L. 1915, c. 266 (the source of N.J.S.A. 2A: 17-50 et seq.), the creditor obtained an order for a wage execution in place of the original order to pay out of income. The court held that the proceeding first invoked could be abandoned and was superseded by the wage execution. The case suggests that these are alternate procedures of equal stature. See also R. 4:59-1(c) (2). The wage execution is levied upon the employer; the order to pay is directed to the debtor himself.
N.J.S.A. 2A:17-50 provides that when the wages or income or profits due to the debtor are $48 or more a week,[1] *57 "the court shall grant an order directing that an execution issue against the wages * * *." (Emphasis supplied). Appellant contends that the issuance of the order for a wage execution is mandatory, and, therefore, the Legislature must have intended the wage execution to take precedence over or, at the very least, be honored concurrently with a prior order to pay out of income. In support of the contention that two forms of execution can apply simultaneously, appellants refer to the provisions in N.J.S.A. 2A:17-57:
Nothing contained in this article or in article 7 [N.J.S.A. 2A: 17-50 to 56] shall be construed as impairing the rights of an execution creditor under other provisions of this chapter or any law of this state relating to executions, or as against any trust which was created by or the fund held in trust has proceeded from the defendant in execution.
We agree with the conclusions of the trial judge and reject appellant's contentions. Neither mode of reaching wages has precedence over the other, but the order issued first in time will prevail until the judgment upon which it was entered is satisfied. This result conforms to the legislative intent.
The statutes should be read harmoniously, in pari materia, as they deal with kindred modes of execution available to all judgment creditors. Cf. Cowan v. Storms, 121 N.J.L. 336, 343 (Sup. Ct. 1938). Significantly, N.J.S.A. 2A:17-52 provides that "Only one execution against the wages, debts, earnings, salary, income from trust funds or profits of such judgment debtor shall be satisfied at one time," and when more than one execution is issued "pursuant to * * * this article [Article 7]" against the debtor "they shall be satisfied in the order of priority in which such executions are presented to the person or persons from whom such wages * * * are due and owing * * *." This section further provides, as a result of an amendment made by L. 1969, c. 292, § 2, that an execution derived from an order for support of a wife or children shall take precedence if *58 served on the same day as the wage execution, even if resented later in the day. Moreover, the statutory scheme is to limit an order to pay and a wage execution to 10% of the debtor's wages, unless the wages exceed $7,500 a year, in which case the court may order a larger percentage. Identical limitations are found in N.J.S.A. 2A:17-56 and N.J.S.A. 2A:17-57, by virtue of the amendment to both sections made in 1970 by the same enactment. L. 1970, c. 287.
The provision relating to an execution to satisfy a support order, the imposition of limits on the portion of wages that may be taken from a debtor and the provision that only one wage execution shall be satisfied at one time express a singular legislative intent. That intent prohibits satisfaction of two executions at one time in excess of the prescribed statutory limits when the source of income is the debtor's wages. The wage execution procedure has no predominant force; it must yield, for example, to an execution upon wages to satisfy a support order presented at any time on the same day as the wage execution. An order to pay out of income and a wage execution combined cannot take more than 10% of a debtor's wages, unless the annual wage exceeds $7500. Although the statute provides that an order for a wage execution "shall" be granted, satisfaction of the wage execution must be suspended if a prior wage execution is in effect. And the provision in N.J.S.A. 2A:17-55 that the court may modify the order for execution "as shall be deemed just" upon application of either party demonstrates that the Legislature did not intend to give wage executions an inflexible, mandatory effect.
We hold that once an order to pay out of income has been entered compelling payment of 10% of a judgment debtor's wages (of under $7500 a year) a wage execution cannot be satisfied while the prior order to pay remains in effect. We find nothing to the contrary in Berkowitz v. First Dist. Court, 108 N.J.L. 345 (E. & A. 1931), cited by appellant. The provision in N.J.S.A. 2A:17-50 that an order for wage execution "shall" be granted was intended to *59 require its issuance in the ordinary course, not to supersede any prior process against the debtor's wages. We have previously noted the provision in N.J.S.A. 2A:17-57 (in Article 8, Chapter 17 of Title 2A), that nothing in that article dealing with orders to pay out of income, nor in Article 7, dealing with wage executions, shall impair the rights of an execution creditor under any other provision of law relating to executions. This was intended merely to preserve other means of proceeding against the assets of a debtor, notwithstanding the right to apply for a wage execution or order to pay out of income. It does not mean that a wage execution has priority over other modes of reaching the debtor's wages.
Affirmed.
NOTES
[1] Cf. 15 U.S.C.A. §§ 1671-1677, providing restrictions on wage executions. R. 4:59-1(c) incorporates these restrictions in addition to those imposed by N.J.S.A. 2A:17-50 and N.J.S.A. 2A: 17-57.