852 A.2d 195

MASUD IQBAL, M.D., PLAINTIFF–APPELLANT, v. WAYNE
MUCCI, D.O., DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 3, 2004—Decided June 24, 2004.

Before Judges KING, BRAITHWAITE and S.L. REISNER.

*Michael M. Mulligan,* argued the cause for appellant.

*William Mackin,* argued the cause for respondent.

The opinion of the court was delivered by

BRAITHWAITE, J.A.D.

The issue on appeal is whether a judgment debtor who pays more than twenty-five percent of his wages to his ex-wife and children, pursuant to a garnishment, may be compelled to pay a judgment creditor in installments pursuant to *N.J.S.A.* 2A:17–64. We hold that he cannot and therefore affirm the order of the Law Division.

The facts necessary to resolve this appeal are not in dispute. Both plaintiff Masud Iqbal and defendant Wayne Mucci are physicians. Plaintiff sold his medical practice to defendant. Defendant breached the agreement and plaintiff filed suit. The suit resulted in a judgment of $200,503.63 in favor of plaintiff.

Following the entry of judgment, plaintiff moved to compel defendant to pay the judgment in installments pursuant to *N.J.S.A.* 2A:17–64. At the time of the motion, defendant was employed by Accent Head and Neck Group, P.A., and National Steel Rule, Inc. Defendant receives wages from both employers and his disposable bi-weekly earnings are $4,174.66. Defendant's earnings, however, are subject to a wage execution in the bi-weekly amount of $1,422. The sum is for the support of his ex-wife and children pursuant to a judgment of divorce and amended order of May 9, 2003. The wage execution amount is greater than

twenty-five percent of defendant's disposable income. *See* 15 *U.S.C.A.* § 1673.

Plaintiff's motion to compel defendant to pay plaintiff's judgment in installments was filed on May 16, 2003. The motion was opposed. The judge relied on *Household Fin. Corp. v. Clevenger,* 141 *N.J.Super.* 53, 357 *A.*2d 279 (App.Div.1976), in denying plaintiff's motion for an order to pay his judgment in installments.

On appeal, plaintiff contends that: (1) we owe no deference to the trial judge's interpretation of the law; (2) an order pursuant to *N.J.S.A.* 2A:17–64 is not a garnishment and therefore federal law does not bar the entry of the order he seeks; and (3) the judge erred in denying his motion.

We begin our discussion by observing that the property plaintiff seeks to obtain from defendant by way of installments is his wages. *N.J.S.A.* 2A:17–64 provides as follows:

If it is made to appear that the judgment debtor is entitled to, or is in receipt of, an income or any property or money or things in action, or rights and credits, including such income as is derived from federal, state, county, municipal or other governmental sources, but not income or property as is recovered or exempt by law, the superior court may direct the judgment debtor to make payments at stated periods in installments, and upon such terms and conditions as the court may direct, out of the same, on account of the unsatisfied judgment. Application may be made at any time on behalf of the judgment creditor, his executor, administrator or assignee, or the judgment debtor, to modify the terms of such order, and the court may make such modification.

The provision allows the court to direct the judgment debtor, here defendant, "to make payments at stated periods in installments" out of "rights and credits." *Ibid.* The definition of rights and credits includes wages. *N.J.S.A.* 2A:17–57.

Despite the ability of a creditor to get installment payments toward his judgment from wages, federal law sets limits the "maximum part of the aggregate disposable earnings of an individual for any work week which is subjected to garnishment may not exceed ... twenty-five per centum of his disposable earnings for that week[.]" 15 *U.S.C.A.* § 1673(a)(1).

■ Plaintiff argues that the order to pay in installments is not a garnishment. We disagree. There are two ways that a judgment creditor can reach a debtor's wages to satisfy a judgment against the debtor. He may proceed by wage execution, *N.J.S.A.* 2A:17–50 to –56 or by an order for installment payment pursuant to *N.J.S.A.* 2A:17–64. *Household, supra,* 141 *N.J.Super.* at 56, 357 *A.*2d at 280.

■ However, both provisions must be
read harmoniously, *in pari materia,* as they deal with kindred modes of execution available to all judgment creditors. *Cf. Cowan v. Storms,* 121 *N.J.L.* 336, 343, 2 *A.*2d 183 (Sup.Ct.1938). Significantly, *N.J.S.A.* 2A:17–52 provides that "Only one execution against the wages, debts, earnings, salary, income from trust funds or profits of such judgment debtor shall be satisfied at one time," and when more than one execution is issued "pursuant to * * * this article (Article 7)" against the debtor "they shall be satisfied in the order of priority in which such executions are presented to the person or persons from whom such wages * * * are due and owing * * *." This section further provides, as a result of an amendment made by *L.* 1969, c. 292, § 2, that an execution derived from an order for support of a wife or children shall take precedence if served on the same day as the wage execution, even if presented later in the day. Moreover, the statutory scheme is to limit an order to pay and a wage execution to 10% of the debtor's wages, unless the wages exceed $7,500 a year, in which case the court may order a larger percentage. Identical limitations are found in *N.J.S.A.* 2A:17–56 and *N.J.S.A.* 2A:17–57, by virtue of the amendment to both sections made in 1970 by the same enactment. *L.* 1970, c. 287.
■ The provision relating to an execution to satisfy a support order, the imposition of limits on the portion of wages that may be taken from a debtor and the provision that only one wage execution shall be satisfied at one time express a singular legislative intent. That intent prohibits satisfaction of two executions at one time in excess of the prescribed statutory limits when the source of income is the debtor's wages.
[*Household, supra,* 141 *N.J.Super.* at 57–58, 357 *A.*2d at 281.]

■ A wage execution is leveled upon the debtor's employer whereas the order to pay a judgment in installments "is directed to the debtor himself." *Id.* at 56, 357 *A.*2d at 280. However, should a debtor be ordered to pay a judgment in installments and fail to make the payments, the creditor would have the ability to obtain a wage execution pursuant to *N.J.S.A.* 2A:17–50 to –56. *Household, supra,* 141 *N.J.Super.* at 56, 357 *A.*2d at 280. Clearly, however, if a wage execution was already in existence against the debtor's wages, a second wage execution would not be allowed until the first expired. *See N.J.S.A.* 2A:17–52.

Here, there is already a wage execution against defendant to provide support for his ex-wife and children. If defendant was ordered to pay plaintiff's judgment in installments pursuant to *N.J.S.A.* 2A:17–64 and failed to make the payments, plaintiff would be precluded from obtaining a wage execution against defendant until the expiration of the garnishment in favor of his ex-wife and children. This is more support for the proposition that plaintiff's claim against defendant's wages is unavailable at this time.

The fact that defendant has significant wages remaining after the garnishment for support does not change the result. With respect to wages, only one order at a time for payment, either by installment or garnishment, is permitted. Plaintiff, however, is not precluded from obtaining relief from other assets of defendant. *N.J.S.A.* 2A:17–57.

We affirm the order denying plaintiff's application to direct defendant to make installment payments to satisfy plaintiff's judgment while the wage execution in favor of defendant's ex-wife and children is still in effect.

Affirmed.