## LEO CAHN, PLAINTIFF-PROSECUTOR, v. LEON E. ALLEN, DEFENDANT-RESPONDENT.

Submitted January 16, 1940—Decided February 15, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the prosecutor, *Edwin P. Longstreet*.

For the respondent, *Lloyd C. Riddle*.

The opinion of the court was delivered by

DONGES, J.   This writ of *certiorari* brings up an order of the Monmouth County Court of Common Pleas setting aside a prior order of that court which directed the defendant to make installment payments on account of a judgment recovered against him by the plaintiff.

The order was sought under *R. S.* 2:26-181, which provides:

"In case it is made to appear by affidavit that the judgment debtor is entitled to or is in receipt of income, other than from such trust funds as are exempt by law, the court or a judge thereof may make an order requiring defendant to show cause why he should not be ordered to make payments on account of the execution out of such income, at stated periods,

in installments upon such terms as the court or judge may direct.

"Upon the return of the order to show cause, or any time to which the hearing thereon may be continued, the court or a judge may make an order for such payments as aforesaid, and at any subsequent time, on application, may modify the terms thereof as may be just."

It has been held that salary for personal services is embraced within the term "income" as used in this section. *White* v. *Koehler,* 70 *N. J. L.* 526.

The defendant herein is an employe of the United States of America, being employed as a clerk at the Manasquan post office, and the question here presented is whether or not an order under this section may be made against a federal employe.

It was declared by the Court of Errors and Appeals in *Schwenk* v. *Wyckoff,* 46 *N. J. Eq.* 560, that, as a matter of public policy, the unearned salary of a public servant was not assignable. In that case a decree directing the defendant to execute assignments of his salary to the complainant until the amount of the decree had been paid was reversed.

In *Spencer* v. *Morris,* 67 *N. J. L.* 500, an order made under chapter 177 of the laws of 1901 (which is practically identical with the section here sought to be invoked) was under consideration, and it was held that an employe of the city of Newark could not be required to make installment payments in view of the public policy announced in *Schwenk* v. *Wyckoff, supra.* It was held that the enactment of chapter 177, *Pamph. L.* 1901, did not operate to change the declared public policy.

It is argued, however, that the legislature did change the public policy of this state in this regard by the enactment of *P. L.* 1915, *p.* 470, now *R. S.* 2:26-182, *et seq.* However, it would appear that the statute goes no further than to make the salaries of state, county and municipal employes subject to execution. As was said in *Spencer* v. *Morris, supra:*

"As was stated by Vice-Chancellor Van Fleet, in *Jersey City Gaslight Co.* v. *Consumers Gas Co.,* 13 *Stew. Eq.* 427, 430, a purpose opposed to sound public policy should not be

attributed to the legislature except upon cogent evidence. When a statute deals with a general class of subjects, and there exists in that class a species distinguished from its congeners, for reasons of public policy which the literal interpretation of the statute would antagonize, it should be assumed that the legislature did not intend to abrogate that policy, and the operation of the act should be confined to members of the class not protected thereby."

In *Schwenk* v. *Wyckoff, supra,* our highest court declared that the salary of a federal employe (the defendant there being a retired army officer) was not subject to execution, as a matter of public policy. Neither by legislation nor by judicial ruling has this been changed. The Executions act expressly deals with the classes of state, county and municipal employes. No intention can be inferred, if indeed the power existed, to change the public policy with respect to federal employes. The expression of the one is the exclusion of the other. Mr. Justice Parker, in *Oetjen* v. *Hintemann,* 91 *N. J. L.* 429, held that the supplement of 1915, page 470, changed the public policy of the state only to the precise extent mentioned, to wit, state, county and municipal employes earning a salary of $18 per week or more. He set aside an order directing a municipal employe earning less than $18 per week to make installment payments, saying: "It is argued finally in his behalf that the act, page 470, indicates a general change of public policy in relation to the immunity of official salary. I am unable to gather from its language any such change with relation to pay of less than $18 per week, with respect to which pre-existing acts would seem to remain unimpaired." Nor are we able to gather any such change with relation to the pay of federal employes and conclude that with respect to such persons the law existing prior to this statute, as laid down in the cases above cited, is still in force. Such was the conclusion reached by Circuit Court Judge William A. Smith, in *Crown Oil Co., Inc.,* v. *Eitner,* 199 *Atl. Rep.* 901.

The writ of *certiorari* is dismissed, with costs.

Chief Justice Brogan dissents.