EDWARD J. FLYNN, PLAINTIFF-RESPONDENT, v. JOHN R. CONNOR, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 15, 1981—Decided September 25, 1981.

Before Judges MICHELS, McELROY and J. H. COLEMAN.

*John R. Connor*, appellant, *pro se.*

*John Anthony Lombardi* argued the cause for respondent.

PER CURIAM.

Defendant John R. Connor appeals from an order of the Law Division directing him to pay from income received from the Federal Government $150 a month to plaintiff Edward J. Flynn in satisfaction of a judgment in the amount of $4,000 recovered by plaintiff. The pivotal issue raised on this appeal is whether defendant, as an employee of the Federal Government, is exempt or immune from such an order.

It is undisputed that plaintiff recovered a judgment against defendant which we affirmed in an unpublished opinion. *Flynn v. Connor* (Docket No. A–265–74) (App.Div.1976). The Supreme Court denied certification. *Flynn v. Connor*, 71 *N.J.* 498 (1976). Thereafter, plaintiff made an application to the trial court for an order directing defendant to pay him the judgment in install-

ments from his income. Defendant opposed the application on the ground that since he was employed by the United States Department of Labor he was immune or exempt from such an order. The trial judges disagreed and directed defendant to make the monthly payments from the income he received from his federal employment.

*N.J.S.A.* 2A:17–64 (*L.* 1942, *c.* 57, § 1), provides:

*Order to debtor to pay in installments; modification*

*If it is made to appear that the judgment debtor is entitled to, or is in receipt of, an income* or any property or money or things in action, or rights and credits, *including such income as is derived from federal,* state, county, municipal *or other governmental sources,* but not income or property as is recovered or exempt by law, the superior court, a county court or a county district court out of which the execution issued, may direct the judgment debtor to make payments at stated periods in installments, and upon such terms and conditions as the court may direct, out of the same, on account of the unsatisfied judgment. Application may be made at any time on behalf of the judgment creditor, his executor, administrator or assignee, or the judgment debtor, to modify the terms of such order, and the court may make such modification.

[Emphasis added]

In view of the clear, unambiguous language of the foregoing statute, there cannot be any serious doubt that the trial court had the power to order that a portion of defendant's salary received from the Federal Government be paid to plaintiff in satisfaction of the latter's judgment. The cases relied upon by defendant, specifically, *Schwenk v. Wyckoff*, 46 *N.J.Eq.* 560 (E. & A. 1890); *Cahn v. Allen*, 124 *N.J.L.* 159 (Sup.Ct.1940), and *Crown Oil Co., Inc. v. Eitner*, 16 *N.J.Misc.* 330 (Cir.Ct.1938) (which hold that the salary of federal employees is not subject to execution as a matter of public policy) were decided prior to the 1942 amendment to *N.J.S.A.* 2A:17–64. Consequently, these cases no longer represent the law or policy of this State and are not viable or persuasive authority for defendant's position. The other issues of law raised are so clearly without merit that they do not warrant any discussion. *R.* 2:11–3(e)(1)(E).

Affirmed.