J-S43035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT L. ROBINSON | |
| Appellant | No. 1754 MDA 2015 |

Appeal from the PCRA Order September 8, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004890-2013
CP-22-CR-0004903-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 14, 2016**

Appellant Vincent L. Robinson appeals from the order of the Dauphin County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders**[1] and **McClendon**[2] ("**Turner/Finley** brief").[3]  We affirm the order of the PCRA

---

[1] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2] **Commonwealth v. McClendon**, 435 A.2d 1185 (Pa.1981).

[3] Because this is an appeal of an order denying a PCRA petition, counsel should have filed a **Turner**/**Finley** no-merit letter or brief.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc* ). However, because an **Anders** brief provides greater protection to an appellant, this Court will
*(Footnote Continued Next Page)*

court denying relief based on allegations of ineffectiveness for failing to file a direct appeal and for causing Appellant to enter an involuntary and unknowing plea. However, we remand to the PCRA court and grant Appellant leave to amend his PCRA petition to include a claim that his sentence was unconstitutional because the trial court imposed a mandatory minimum sentence in violation of *Alleyne v. United States*, –––U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). We deny counsel's petition to withdraw.

On March 17, 2014, at docket number CP-22-CR-0004890-2013 ("4890"), Appellant pled guilty to possession with intent to deliver a controlled substance ("PWID"),[4] criminal use of communication facility,[5] and unlawful possession of drug paraphernalia.[6] At docket number CP-22-CR-0004903-2013 ("4903"), Appellant pled guilty to two counts of delivery of a controlled substance, one count of PWID, three counts of criminal use of a

_(Footnote Continued)_ ─────────────────

accept the *Anders* brief in lieu of a *Turner/Finley* letter or brief. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa.Super.2011) (citing *Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super.2004)).

[4] 35 P.S. § 780-113(a)(30).

[5] 18 Pa.C.S. § 7512(a).

[6] 35 P.S. § 780-113(a)(32).

communication facility, and three counts of unlawful possession of drug paraphernalia.

On May 1, 2014, the trial court sentenced Appellant. At docket 4890, the trial court sentenced Appellant to two to four years' incarceration for PWID, a consecutive five-year term of probation for criminal use of communication facility and a concurrent one–year term of probation for unlawful possession of drug paraphernalia. At docket 4903, the trial court sentenced Appellant to the following, all imposed concurrently to the sentence imposed at docket 4890: one to two years' incarceration for each delivery of a controlled substance and PWID conviction, one to two years' incarceration for each criminal use of a communication facility conviction, and one year of probation for each possession of drug paraphernalia conviction.

The two-to-four year term of imprisonment imposed at docket 4890 for PWID may have been pursuant to the mandatory minimum sentence provision contained in 18 Pa.C.S. § 6317 (drug-free school zones). **See** Pennsylvania Commission of Sentencing Guideline Sentence Form, Docket 4890, count 1 (stating there is mandatory minimum of 24 months pursuant to 18 Pa.C.S. § 6317); N.T. of Sentencing Hearing, 5/1/2014, at 3 (defense counsel stated "given the fact that there's a mandatory in this case, we're simply requesting that the Court have mercy on Mr. Robinson and just give him a two-to-four year state sentence"); N.T. of PCRA Hearing, 8/25/2015,

at 7 (Appellant testified there was a mandatory two-year minimum due to a school zone).[7]

Appellant did not file post-sentence motions or a direct appeal. On April 8, 2015, Appellant filed a timely *pro se* PCRA petition.[8] On April 15, 2015, the PCRA court appointed counsel, who filed an amended PCRA petition on June 1, 2015. On August 25, 2015, the PCRA court held an evidentiary hearing. On September 8, 2015, the PCRA court dismissed the petition. On October 7, 2015, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On January 27, 2016, Appellant's counsel filed a **Turner/Finley** brief and a petition to withdraw as counsel.

Before we may address the merits of Appellant's claim, "we must determine if counsel has satisfied the requirements to be permitted to

_____

[7] The sentencing sheet does not indicate whether the trial court imposed a mandatory minimum sentence. Further, there is no mention of a minimum sentence at the guilty plea hearing.

[8] The trial court sentenced Appellant on May 1, 2014. Appellant's conviction became final 30 days later, when his time to file a direct appeal to this Court expired. Pa.R.A.P. 903(a) ("notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken"). Because May 31, 2014 fell on a Sunday, Appellant had until June 1, 2015 to file a timely PCRA petition. 1 Pa.C.S. § 1908 (When last day of time period "fall[s] on Saturday or Sunday, . . . such day shall be omitted from the computation"). Therefore, his petition, filed April 8, 2015, is timely.

withdraw from further representation." ***Commonwealth v. Freeland***, 106 A.3d 768, 774 (Pa.Super.2014). Competent PCRA counsel must conduct an independent review of the record before we can authorize counsel's withdrawal. ***Id.*** The independent review

> requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list[ing] each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

***Id.*** (internal citation omitted).

PCRA counsel must also serve a copy of counsel's petition to withdraw as counsel and the 'no-merit' brief on petitioner and write a letter advising the petitioner that he or she has the right to proceed *pro se* or with the assistance of privately retained counsel. ***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa.Super.2011) (quoting ***Commonwealth v. Friend***, 896 A.2d 607 (Pa.Super.2006), *abrogated in part by* ***Commonwealth v. Pitts***, 981 A.2d 875, 876 (Pa.2009)).

PCRA appellate counsel filed a ***Turner/Finley*** brief. Counsel reviewed the record and the applicable law and detailed the issues Appellant wished to have examined. Counsel also mailed a copy of the no-merit brief and a copy of his petition to withdraw as counsel to Appellant. Petition to Withdraw as Counsel at Exh. A, Letter from Jennifer E. Tobias, Esquire to Vincent Robinson dated January 26, 2016. Although the ***Turner/Finley*** brief does not explain why the issues lacked merit, the letter counsel wrote to

Appellant explains why the issues are meritless. *Id.* The letter further informed Appellant of his right to proceed *pro se* or with privately-retained counsel to raise any points he deemed worthy of consideration. Counsel has substantially complied with the technical requirements of *Turner/Finley*.

Appellant did not submit a *pro se* appellate brief or a brief by private counsel. Therefore, we will address the merits of the claims raised in the *Turner/Finley* brief:

> 1. Whether the Appellant's guilty plea was unlawfully induced as a result of ineffectiveness of counsel?
>
> 2. Whether trial counsel was ineffective for failing to file a modification of sentence and/or appeal on the Appellant's behalf?

*Turner/Finley* Brief at 5.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa.1997)).

Appellant's first issue claims his trial counsel was ineffective at the guilty plea hearing because Appellant believed he would receive a two-to-four year term of imprisonment and was unaware that an additional term of probation could be imposed. *Turner/Finley* Brief at 9-12.

For ineffective assistance of counsel claims, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no

reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Spotz**, 84 A.3d at 311 (quoting **Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa.2010)). To establish the prejudice prong where an appellant has entered a guilty plea, "the appellant must demonstrate 'it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.'" **Commonwealth v. Timchak**, 69 A.3d 765, 770 (Pa.Super.2013) (quoting **Commonwealth v. Rathfon**, 899 A.2d 365, 370 (Pa.Super.2006)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Ousley**, 21 A.3d at 1244 (quoting **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super.2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." **Id.** (quoting **Rivera**, 10 A.3d at 1279).

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." **Commonwealth v. Willis**, 68 A.3d 997, 1001 (Pa.Super.2013) (quoting **Commonwealth v. Anderson**, 995 A.2d 1184, 1192 (Pa.Super. 2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." **Id.** at 1002 (quoting **Commonwealth v. Lewis**, 708 A.2d 497, 501 (Pa.Super.1998)). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of

proving involuntariness is upon him." *Id.* (quoting *Commonwealth v. Bedell,* 954 A.2d 1209, 1212 (Pa.Super.2008)). "The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea." *Id.* (citing *Commonwealth v. Muhammad,* 794 A.2d 378 (Pa.Super.2002)).

The PCRA court found that Appellant testified at the evidentiary hearing that he understood that by entering an open guilty plea, the judge was not bound by an agreed upon sentence. Order of Court, 9/8/2015, at 3. Further, Appellant's counsel testified that it was her practice to review colloquies with a defendant and she never made promises to defendants that she represented. *Id.* The PCRA court found Appellant failed to show his trial counsel was ineffective. *Id.* at 1.[9]

The PCRA court's findings were supported by the record and free of legal error. We agree with counsel that Appellant's claim lacked merit.

Appellant next argues his trial counsel failed to file a motion for modification of sentence or a notice of appeal. *Turner/Finley* Brief at 12-13.

_____

[9] In addition, Appellant signed a written colloquy indicating he could be sentenced to a maximum of 65 years' incarceration and stated he received no promises in exchange for his guilty plea. Guilty Plea Colloquy.

If an appellant establishes that he asked his counsel to file a direct appeal and that counsel ignored this request, counsel is *per se* ineffective and the appellant is entitled to relief granting him the right to file a direct appeal *nunc pro tunc*. *See, e.g., Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa.Super.2011). To establish *per se* ineffectiveness, the appellant must establish he asked counsel to file a direct appeal. *Id.*

The PCRA court found that counsel testified that if she had received any call from Appellant or his family indicating that he wished to appeal, she would have visited Appellant to determine the next step. She stated her file contained no letters or phone messages from Appellant or his family. Order of Court, 9/8/2015, at 3. Further counsel did not recall receiving any communications regarding an appeal. *Id.* The PCRA court dismissed Appellant's claim, finding Appellant failed to establish counsel was ineffective. *Id.* at 1, 3. This determination is supported by the record and free from legal error.[10]

Because counsel filed a *Turner/Finley* brief, we must now conduct an independent review of the record to determine whether there are any meritorious issues. We find that there is an issue of arguable merit that must be addressed. The trial court may have sentenced Appellant pursuant

---

[10] Appellant did not argue, and the trial court did not address, whether counsel was ineffective for failing to consult with Appellant regarding an appeal.

to the mandatory minimum sentence provision contained in 18 Pa.C.S. § 6317. *See* Pennsylvania Commission of Sentencing Guideline Sentence Form, Docket 4890, count 1 (stating there is mandatory minimum of 24 months pursuant to 18 Pa.C.S. § 6317); N.T., 5/1/2014, at 3 (defense counsel stated "given the fact that there's a mandatory in this case, we're simply requesting that the Court have mercy on Mr. Robinson and just give him a two-to-four year state sentence"); N.T. of PCRA Hearing, 8/25/2015, at 7 (Appellant testified there was a mandatory two-year minimum due to a school zone). Section 6317 has been found unconstitutional pursuant to ***Alleyne v. United States***, –––U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).[11] ***Commonwealth v. Hopkins***, 117 A.3d 247, 262 (Pa.2015). In ***Alleyne***, the Supreme Court of the United States found "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." ***Alleyne***, ---U.S. ---, 133 S.Ct. at 2158. In ***Hopkins***, the Supreme Court of Pennsylvania found that ***Alleyne*** applied to cases pending for direct review at the time the ***Alleyne*** decision was issued. ***Alleyne*** was decided on June 17, 2013, and Appellant was not sentenced until May 14, 2014. Accordingly, if the trial court applied the mandatory minimum sentence provision, it

---

[11] Whether the trial court applied a mandatory minimum sentence in violation of ***Alleyne*** is a challenge to the legality of the sentence, which cannot be waived and can be raised *sua sponte* by this Court. ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa.Super.2014).

would have been error and Appellant should receive a re-sentencing hearing. *See Commonwealth v. Ruiz*, 131 A.3d 54, 59-61 (Pa.Super.2015) (finding Appellant entitled to re-sentencing where his judgment of sentence became final after the Supreme Court issued its decision in *Alleyne* where he filed a timely PCRA petition).

PCRA order denying relief based on allegations of ineffectiveness for failing to file a direct appeal and for causing Appellant to enter an involuntary and unknowing plea affirmed. Case remanded to the PCRA court. Appellant granted leave to amend his PCRA petition to include a claim that the imposition of a mandatory minimum sentence was unconstitutional. Petition to withdraw denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2016